## ADAMS v. GORHAM et al.

Where A. had a large quantity of flour stored in the warehouse of B., and sold a portion of it to C., and gave an order for the flour sold on B., who accepted the same and gave C. in exchange a receipt for the same, and transferred it on his warehouse books to the account of C., but did not separate any specific portion from the flour of A. as the property of B., and the whole was subsequently seized in an action against A., *Held* that the Sheriff was not liable to C., in the absence of segregation of the flour, but that B. was estopped by his receipt from denying his liability.

APPEAL from the District Court of the Twelfth Judicial District.

The plaintiffs, Adams, Welch & Co., brought this action against Wm. R. Gorham, the Sheriff of San Francisco county, and Tilden & Little, warehouse men, for the specific recovery of one hundred and sixty-two barrels of Gallego flour, and damages for detention. Gorham answered, justifying the seizure under a writ of replevin in the suit of Barker & Paddock against Tilden & Little, for two thousand and fifty-four barrels of flour.

The facts, as appearing in the statement, are as follows: Hussey, Bond & Hale, merchants, had stored with Tilden & Little, warehouse men, about three thousand barrels of flour, for various portions of which they had given orders to J. R. West, and one order for a portion to Baker & Paddock. West being indebted to Sweetzer & Hutchings, merchants, gave them his note for three thousand dollars, secured by an order for three hundred barrels on Tilden & Little, which Sweetzer & Hutchings surrendered to Tilden & Little and took in lieu thereof their storage receipt for three hundred barrels. West not paying his note, S. & H., after notifying him, sold the flour to the plaintiffs and assigned the storage receipt for the flour. No segregation of the three hundred barrels had yet been made from a lot of two thousand barrels of the same brand and quality, originally stored by Hussey, Bond &

Hale, but the trsnsfers had been entered on the books of Tilden &
Little.   The day after the plaintiffs had purchased the three hundred
barrels they commenced to remove them, and had removed one hundred
and forty-one barrels, when the sheriff seized the balance of the entire
lot, about eighteen hundred barrels, including the remainder of plaintiff's
purchase, for which this action is brought, and removed them from the
warehouse of Tilden & Little under legal process, as set up in the an-
swer.   On proof of above facts by plaintiff, the Court below, on motion
of defendants, ordered a non-suit.   Plaintiff appealed.

*Bates & Laurence* for Appellant.
The sheriff is not protected in taking the· goods of a wrong party,
even though directed to do so by his writ.   Sampson *v.* Reynolds, 14
Barbour's Reports, 506 ; Hoyt *v.* Van Alstyne, 15 Barbour's Reports,
568.
The sale to plaintiffs and the delivery in the manner stated, had
vested the title and possession both in the plaintiffs, and this is the real
point on which the whole case turns. .

*H. S. Love* for Appellant.
The question whether the sale and delivery was complete, was a ques-
tion of fact for the jury, and the Court erred in nonsuiting the plaintiffs.
13 John. Rep., 294 ; De Reader *v.* McKnight, 3 Watts & Sergt., 14 ; '
Story on Contracts, 793 ; 11 Barbour's Rep., 264 ; Drapper *v.* Jones,
20 Vermont, 624 ; 2 Gill Rep., 150.
The writ which the officer held constituted no protection to him, if he
took the property of any person other than the one named in the writ.
In such a case the real owner may proceed against the Sheriff by
replevin.   14 Barb. R., 506 ; 15 Idem., 568 ; 3 Cal. Rep., 469 ; 5
Mass. Rep., 280.
It was contended by the defendant's counsel in the Court below, that
as the three hundred barrels had not been segregated, the contract was
not complete, and the title to the property did not pass.
In answer to this we say, that all of the flour was of the same *brand*,
*quantity, quality* and *price*.   Nothing remained to be done to ascertain
the *quantity, quality* or *price*.   Jackson *v.* Anderson, 4 Taunton, 24 ;
Pleasants *v.* Pendleton, 6 Randolph's Rep., 473, et sup.; 9 Mass. Rep.,
427 ; 13 Beck Rep., 174 ; 1 Idem, 431.
A transfer of the warehouse receipt transferred the possession of the
property to the plaintiffs, and the warehouse men were his bailees.   6
Randolph Rep., 399 ; 3 Pa. Rep., 50 ; 8 Howard's U. S. Rep., 399.
If, then, the plaintiff was lawfully possessed, although he had no
actual title to the property, the defendant, being a mere wrong-doer, is
not justified.   Title in a third person is no justification in trespass
against a mere *tort feasor*.   17 Wend., 91 ; 3 Hill, 348.

*Stephen J. Field* for Respondent.
1. The claim and delivery of personal property, under òur Practice

Act, is a substitute for the action of replevin. Roberts v. Randall, 3 Sandford's Sup. C't Rep., 712; Chappel v. Skinner, 6 Howard's Pr. Rep., 339.

2. At common law, replevin only lies for the recovery of specific personal property. 2 Saunders' Pleading, 768; 2 Saunders' Reports, p. 74, B.; 2 Greenleaf's Evidence, Sec. 560; Bacon's Abridgment, Title "Replevin," A.

3. Property which has not been set apart or separated from the mass in which it is included is not *specific* property, and cannot be reached by an action of replevin. The right to designate and set apart a portion of the mass as so much specific property is one thing; the acquisition of title to it by such actual separation and setting apart is another and a very different thing. 2 Greenleaf's Ev., Sec. 638; Rapalje v. Mackie, 6 Cowen, 250; Gardner v. Suydam, 3 Selden R., 377; Lansing v. Turner, 2 Johnson, 16; Story on Sales, Sec. 240; Austin v. Young, 6 Pickering, 280; Austin v. Haven, 4 Taunton, 644; White v. Wilkes, 5 Taunton, 175.

4. The action of replevin cannot be maintained under our statute against a sheriff to recover the possession of personal property held by him under a writ of replevin, unless a claim upon him *for such property* has been first made, under section one hundred and nine of the Practice Act. No such claim was made by the plaintiffs in the present action upon the sheriff. See sections 100, 101, 102, 103, 104, 105, 106, 108, 109; see, also, Act concerning sheriffs, Sec. 48, Compiled Laws, p. 719.

In deciding the case of Rhodes v. Patterson, 3 Cal. R. p. 469, the attention of the Court does not appear to have been called to section one hundred and nine of the Practice Act. See Shipman v. Clark, 4 Denio R., 446.

The case of Stimpson v. Reynolds, 14 Barbour, p. 510, is not applicable, as the decision of the question in that case appears to have been influenced by the peculiar language of the statute of New York in relation to the action of replevin.

5. The first point of the appellant is not well taken, because there was *no evidence of a delivery* to submit to a jury. Practice Act, sec. 158, subdivision 5; 1 Greenleaf Ev., Sec. 49; Stewart v. Simpson, 1 Wend., 376.

The authorities cited by the appellants under their first point are not applicable to the present case. Thus, in De Ridder v. McKnight, 13 Johns., 294, the question was whether or not the bargain between the parties for the sale of mill stones was completed, or *was only in fieri;* it was a matter of doubt from the evidence, and it was held a question of fact to be submitted to the jury. In Smith v. Craig, 3 Watts & Serg't, 14, it was held that the question whether goods *marked and separated* are *actually delivered* to the vendee, is to be determined by the jury. In Drapper v. Jones, 11 Barbour, 264, it was held that there was evidence in that case to go to a jury upon the question whether the sale and delivery of the property was "*conditional.*" In

Stephenson v. Clark, 20 Vermont, 624, it was held, that whether or not a sale of personal property has been followed by a sufficient change of possession to make it valid, as against the creditor of the vendor, is always a question of fact, *when there is any testimony tending to prove such change of possession*, and should be submitted to the jury, under proper instructions.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY concurred.

This action being for the recovery of specific property, it was necessary to show, as against the sheriff, that the portion claimed by the plaintiffs had been severed, and designated from the bulk out of which it was sold. Otherwise there is no mode of identification. This results from the character and nature of the action.

But, in favor of the other defendants, Tilden & Little, the same reasoning cannot be invoked. They were warehouse men, and gave their receipt for three hundred barrels of flour. This was specific, and they are estopped from denying their liability. It is very similar to the case of Chapman v. Searle, 3 Pickering, cited by respondent.

The Court below should have given judgment for plaintiffs, against Tilden & Little, and judgment for defendant, Gorham.

Non-suit set aside, and case remanded.