# LABATT'S

# DISTRICT COURT REPORTS.

## STATE OF CALIFORNIA.

## COOK vs. HATHAWAY.

*Twelfth District Court, for San Francisco Co., Nov. T.,* 1857.

### ACCEPTANCE—COMPLAINT.

Where a party accepts an order for goods, drawn by one who may not have had any goods in his hands at the time, he cannot afterwards, in an action by the person in whose favor the order is made to recover the goods, be permitted to dispute the drawer's title to the same.

Whether in an action on such an order, in which the same is set out in the complaint, the omission to write across its face the acceptance, and in lieu thereof alleging that it was duly accepted &c., is such error as would exclude its introduction on the trial, *quœre.*

On motion for a new trial.

This action was commenced on the 22d of August 1856, against *Hathaway* and *Raynor*, partners, to recover the sum of $2,603. 30. Plaintiffs allege in their complaint substantially as follows: that on the 14th of November 1855, one *E. L. Beard* as agent of his wife, made and delivered to plaintiffs the following order on the defendants

which was on the same day accepted by them by writing across the face their firm name.

San Francisco, Nov. 14th, 1855.

*C. W. Hathaway & Co.*

You will please deliver to *C. W. Cook* or order all the grain you hold for my account subject to your advances, commissions and charges.                    Respectfully yours,

E. L. BEARD, for

MRS. E. L. BEARD.

In setting forth this instrument in their complaint, plaintiffs did not write defendants' name across the face but made the above averment.

That defendants then had grain belonging to said *Mrs. Beard* which they sold for $11,745.93; that their advances, commissions &c., amounted to $9,142.63, leaving due plaintiffs $2,603.30, as per statement of sale &c., by defendants made and delivered to plaintiff on January 1st, 1856.

Defendants set up in their answer as a defense that, in an action brought in the superior court of the city of San Francisco by one *Hopkins* against said *E. L. Beard*, the grain and moneys in their hands were attached, and that said *Hopkins* recovered a judgment in said action for upwards of $150,000 and that defendants then paid to him the amount for which he had been therein garnisheed; and afterwards on the 18th day of August, 1856, pursuant to an order of said court defendants paid over to *Hopkins* the amount sought to be recovered by plaintiffs. That the grain in question was, before the said garnishment, the property of *E. L. Beard*, and not of *Mrs. Beard*. That the order set out in the complaint was ante-dated and was not accepted until long after the said garnishment, and was accepted upon the express condition that if defendants should be compelled to pay over the money in the case of *Hopkins* v. *Beard*, the order should be void. That at the time of the acceptance, plaintiff executed an agreement which was part and parcel of the acceptance, and which is to the effect that he should allow the money to remain in defendants' hands until the termination of the said action should " prove and hold them without liability to any other claims or parties for the said amount of surplus money whatever it may be—they to allow me ( *C. W. Cook* ) from this date interest at the rate of ten per cent. per annum for this amount." That there was no consideration for the acceptance of the order in favor of *Cook;* that

JUN 1 5 1931

the property belonged to *Beard,* and that defendants believe that the order was drawn in the name of *Mrs. Beard* for the purpose of keeping the property out of the hands of *Beard's* creditors and of deceiving defendants.

On the trial plaintiff introduced the order and proof that it had been presented for payment and refused; also, the written account of sales mentioned in the complaint, and then rested. Defendants moved for a non-suit on the grounds :

*First,*—That plaintiff had not made out a cause of action against the defendants.

*Second.*—That the account of *Hathaway & Co.* is with *Cook* and does not show that it relates to the order in question nor that *Mrs. Beard* had any grain there.

*Third.*—The order is drawn by *Mrs. Beard* by her agent; she being a married woman cannot be a principal.

Motion denied.

The agreement referred to in the answer was given in evidence, and defendants rested.

Defendants asked the court to charge the jury that if there was no evidence that the defendants compose the firm of *Hathaway & Co.,* they must find for the defendants ; that the fact was not admitted in the pleadings. Which was refused and in lieu thereof the court charged that the execution of the instrument set forth in the plaintiff's complaint was admitted by the defendants' answer, and that it was therefore not necessary for the plaintiff to prove that the defendants were co-partners, or that they composed the firm of *Hathaway & Co.* in order to entitle him to recover.

Defendants further requested, " That the pleadings do not admit that *Hathaway & Co.* had grain on hand belonging to *Mrs. Beard,* and unless the fact had been proved by other evidence than the order or account rendered plaintiff, he cannot recover." Refused, and in lieu thereof the court charged that the account rendered and order were evidence that they had such grain in their hands.

The defendants, after introducing a judgment roll of the superior court in the case of *Hopkins* v. *Beard,* offered to show by the return of the sheriff to the attachment issued, that the property mentioned in said order and all the proceeds in the hands of *Hathaway & Co.* were

attached; that at the date of the drawing of the order the property belonged to *Beard*, and that there was nothing owing from either *Mr.* or *Mrs. Beard* to plaintiff, and that it was therefore without consideration. Ruled out.

They also offered in evidence the execution issued on said judgment, affidavit of *Hopkins* and orders made supplementary to the issuing of execution, copies of which orders are set forth in the defendants' answer in this action, and also offered to prove by parol evidence that upon the hearing before the judge in such proceedings the plaintiff appeared by his counsel, *Mr. Lockwood*, and presented the order in question and claimed to be entitled to the property and effects in the hands of the defendants, and that the plaintiff's demand was considered by the judge in such proceedings. Ruled out.

The court further charged that the said written instrument executed by the plaintiff to the defendants was void and constituted no defense to the action.

The jury found for plaintiff the whole amount claimed.

*Lockwood & Wallace*, and *C. H. S. Williams* for plaintiff.

*Cook* and *Mastick* for defendant.

On the motion for a new trial, *Mastick*, counsel for defendant contended:

*First.*—The order, as appears from the evidence, was drawn by a married woman and is void. It is settled that a married woman cannot become a party to a will or note or make a valid contract. Contracts made by married women are not like those of infants, voidable, but are absolutely void. *Nightingale* v. *Whittington*, 15 *Mass.* 272, *Howe* v. *Wides*, 34 *Maine*, (4 *Red.*) 566; *Story on Promissory Notes*, § 85; *Story on Bills* §§ 90, 127, 128; *Chitty on Bills*, 20, 24, 28, 32; *Philips* v. *Northup* 12 *How. Pr. R.* 17 ; *Selover* v. *Amer. Russian Com'l Co.*, 7 *Cal.*, January Term.

*Second.*—The instrument in question is not a bill of exchange or check, it is not for the payment of money, and it was necessary to aver and prove a consideration for such acceptance, and no proof was given. *Atkinson* v. *Marks*, 1 *Cowen* 691; *Chitty on Bills* 131, 132, 135, 153.

Cook *vs.* Hathaway.

*Third.*—If the defendants' signature to the word "accepted" amounts to a valid agreement, it only amounts to an agreement or promise to pay according to the tenor of the instrument, that is to say to deliver the grain belonging to *Mrs. Beard,* and plaintiff could only recover upon proof that *Mrs. Beard* had grain *at the time* in defendants' hands. *Atkinson* v. *Marks,* 1 *Cowen* 69, 707.

*Fourth.*—There is no consideration expressed, and the account rendered in January thereafter did not show that they had at that time any grain or property in their hands and a request from a person not having any interest would not be a good consideration.

*Fifth.*—If the grain belonged to *Mrs. Beard* it was liable to be seized and attached for the debt of the husband unless an inventory was made and recorded. *Laws of* 1850, p. 204, §§ 3, 4, 5, 6.

*Sixth.*—The instrument in question not being negotiable, the plaintiff took it subject to all equities, and he occupies no better position than *Mrs. Beard* and holds subject to any claim or defense that could have been set up in an action brought by her. *Chamberlain* v. *Day,* 3 *Cowen* 353, *Taylor* v. *Bowlis,* 9 *ib* 376, *Willis* v. *Twambley,* 13 *Mass.* 204, 305.

*Seventh.*—The answer did not admit the genuineness of the signature to the account of sales inasmuch as the action was not founded on that. *Practice Act,* § 53.

The signature of an endorser or acceptor need not be denied under oath. *Youngs* v. *Bell,* 4 *Cal.* 201.

*Eighth.*—If the plaintiff could not recover on the acceptance alone, and the property had been attached in the defendants' hands previous to the agreement made by *Cook* (as defendants offered to prove,) then there was a good consideration for *Cook's* agreement.

*C. H. S. Williams, contra.*—At common law married women can draw a bill, and if accepted the acceptor is bound to the payee and subsequent parties. *Story on Promissory Notes,* §§ 37, 91; *Miller* v. *Delamater,* 12 *Wend.* 433.

The common law rules are not applicable in the premises. For the construction of Art. 11, § 14, of the Constitution of this state, see *Edrington* v. *Mayfield,* 5 *Texas* 363. Defendants having admitted the property to be *Mrs. Beard's* cannot now deny it. *Adams* v. *Gorham,*

6 *Cal.* 68. Section 53 of the Practice Act being remedial must be liberally construed. *Kent* v. *Laffan*, 2 *Cal.*, 595. *Youngs* v. *Bell* (cited *supra*) is not applicable, being a case where the acceptor or endorser is not a party.

From the provision in the law of 1850 with respect to a wife's filing an inventory of the property it cannot be inferred that if she does not file an inventory her property will be liable to seizure for her husband's debts; in all cases the broadest construction which it can receive is that the property may be so liable when left in the husband's possession, not when in the possession of a third party, and particularly when it never was in her possession. A statute must not receive such a construction if it will admit of any other, as to render it open to the objection that it is unconstitutional. *Thorne* v. *City of San Francisco*, 4 *Cal.* 127.

There cannot be in this action a "complete determination of the rights of the parties," and the plaintiff could not join *Hopkins* as a defendant with *Hathaway & Co.;* as against the latter his remedy was simple and plain. *Church* v. *Knox*, 2 *Conn.* 514; *Woodbridge* v. *Winthrop*, 1 *Root* 557; *Ford* v. *Woodward*, 2 *Smead. & Mar.* 2 *Co.*

The doctrine that *Cook* took subject to all equities does not apply. He did not take the assignment of an instrument but bought the goods, and received no better title than *Mrs. Beard* had, and in a litigation between him and *Hopkins* the questions affecting this might be raised but they cannot be called in question as between *Hathaway & Co.* and plaintiff.

*Mastick*, for defendant, in reply.

It is assumed that *Mrs. Beard sold* the property to plaintiff. Except the order there is no proof that she claimed the property or that she ever sold it, and from aught that therein appears, *Cook* may be only bailee.

Defendants did not sell the property on account of plaintiff. The complaint is not founded on an account rendered but on the order simply. If the answer admits the signatures it only admits that to the order, not to the account. The quotation from *Story* does not in the original contain the words "by endorsement." The cases cited by him show that the wife's acts have been regarded as the acts of the husband

and that she could not even make an endorsement. In an endorsement there is a valid contract in existence, while in the case of maker there is a failure to create. The common law rule does prevail in the absence of any statute changing it.

There is no evidence that *Mrs. Beard* or her husband declared any property to be hers or that defendant admitted it. The property could only be sold by an instrument in writing signed by her and her husband and acknowledged by her. (*Laws of* 1850, 254, § 6. *Selover* v. *Am. Rus. Commercial Co.*, 7 *Cal.* January Term.)

Defendants are not *estopped* by any action which they have taken, from denying *Mrs. Beard's* title to the property. An *estoppel* is an admission intended to influence the conduct of the person prejudicially to his interest and the party must have acted upon it and must have been prejudiced by it. *Dezell* v. *Odell*, 3 *Hill* 215; *Reynolds* v. *Loundsbury*, 6 *Hill* 535. *Adams* v. *Gorham*, 6 Cal. 68, not applicable.

The acceptance is no acknowledgment; if binding at all, it amounts to an agreement to deliver what quantity of grain defendants held on account of *Mrs. Beard,* and under no circumstances can plaintiff make out a case even of *estoppel* without showing that he parted with something of value, and the knowledge that *Mrs. Beard then* had grain and the quality, and as before observed there was an entire omission on his part to show either of those things. Defendants should be allowed to set up the attachment and judgment in *Hopkins* v. *Beard.* When the attachment was issued and levy made, the plaintiff acquired a lien on the property attached. The statute declares that persons garnished shall be liable to the *plaintiff* for the amount of defendant's interest in their hands until the attachment is discharged or judgment paid. (*Practice Act,* § 127.) There being no consideration proved for the acceptance, and the paper not being negotiable, plaintiff cannot recover.

NORTON,—J. On the trial of this action, I held that defendants, having accepted the order drawn by *Mrs. Beard* in favor of the plaintiff, for the grain which by the order she claimed to have in their hands, and having rendered an account admitting the sales to have been made on the plaintiff's account, and a balance to be due to him, could not be allowed to resist the payment on the ground that they had no grain of

*Mrs. Beard's* in their hands at the time of accepting the order, and accordingly all proofs offered by the defendants tending to prove this fact were ruled out as immaterial. The propriety of this ruling seems to be sanctioned by the cases of *Adams* v. *Gorham,* 6 *Cal.* 68, and *Garwood* v. *Simpson,* 7 *Cal.* July Term.

The paper given by *Cook* to the defendants is void as a contract, for want of consideration. It contains no promise on the part of the defendants and is not signed by them. If they had signed it and thereby agreed to pay the ten per cent. interest, I think it would have been a sufficient consideration, because no demand having been made on them for the proceeds of the sales, they were not as yet liable to pay interest. I should in that case have given a liberal interpretation to its inartificial language in order to give it effect, because it appears to contain the real agreement between the parties as it probably existed at the date of the order and acceptance.

There was no error in refusing to charge as requested in regard to proof of the co-partnership of the defendants. The mere fact of their being partners or not was immaterial. If it had been necessary to prove that these two defendants, *Hathaway* and *Raynor,* were the acceptors of the order, it would have been necessary to prove that they were partners doing business under the name of "*Hathaway & Co.,*" because that was the only signature to the acceptance. But the order with the acceptance endorsed and the account of sales had been given in evidence without objection, and without requiring proof that they were executed as alleged in the complaint by the defendants under the firm name of *Hathaway & Co.* I do not remember to have added to this refusal, the charge that the execution of the instrument was admitted by the answer, and such a charge is not very naturally connected with the request. But it contains no error. A copy of the instrument having been set out, and the defendants charged with having executed it by the name of *Hathaway & Co.,* it was incumbent on them to deny such execution on oath, or it was admitted. By looking at the complaint, I see that, in truth, the order as accepted is not fully set out; that is, the acceptance is not copied, but instead of this, there is an averment of the acceptance. This circumstance appears to have been overlooked, as no objection is pointed to it, and it is correctly copied in the statement for a new trial, as being the one set forth

in the complaint. If this objection had been taken when the acceptance was offered in evidence, it might have been held to be well taken. It is suggested in the defendants' brief, that the bill of sale was not proved, and is not admitted by the answer because it is not an instrument on which the action is brought. This having been suffered to be given in evidence, without proof and without objection, it is not a ground for a new trial, if the objection would have been a good one if raised at the time. New trial denied.